IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLYN A. RHODES,

          Plaintiff,                   No. CIV S-09-0489 MCE GGH PS

        vs.

PLACER COUNTY, et al.,

          Defendants.               <u>ORDER</u>

_____/

        Plaintiffs, proceeding in this action pro se, have requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

Pro se pleadings are liberally construed. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Franklin</u>, 745 F.2d at 1230.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

2

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, although the court cannot make this determination on the present record, it appears that plaintiff has stated a claim against defendants Placer County, Bonner, Seipert, Hamilton, City of Rocklin, Platina, Davis, Jantz, Collins, Siemens, Urrutia, California Forensic Medical Group, Inc., Fithian, American Medical Response, Sacramento County Mental Health Treatment Center, Kittrell, Jackson, Fakhiri, and Patino.

In regard to defendants Elaine Hustedt or Don Hustedt, although plaintiff has named both of them in the caption, she has failed to specify each of them individually in her complaint, referring to them by last name only, and making it impossible for each defendant to have notice of the claims against them. Compl., ¶¶ 39, 40, 43, 44, 45, 50, 51, 52, 62, 76, 77.[1]

Plaintiff also alleges that defendants Choice Hotels International dba Comfort Suites, and two employees of Comfort Suites, Yao and Cooper, entered her hotel room without an arrest or search warrant and invaded her privacy. The Civil Rights statute, 42 U.S.C. § 1983,

---

[1] Plaintiff also refers to a defendant named Ustedt, presumably the same defendant. On amendment, plaintiff shall clarify the spelling of the last name.

requires state action and the hotel and its employees are not state actors. To succeed on a § 1983

damages claim, a plaintiff must demonstrate not only the deprivation of a right secured by the

Constitution or laws of the United States, but that defendant acted under color of state law. West

v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). A § 1983 claim can lie against a private party

only when "he is a willful participant in joint action with the State or its agents." Dennis v.

Sparks, 449 U.S. 24, 27, 101 S. Ct. 183 (1980).

The Ninth Circuit has identified four tests to identify state action by an otherwise

private party: "(1) public function; (2) joint action; (3) governmental compulsion or coercion;

and (4) governmental nexus." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003). Plaintiff

has alleged none of these factual predicates, and the complaint does not reasonably establish any.

Due to the absence of alleged state action on the part of these defendants, they will

be dismissed unless plaintiff is able to set forth the aforementioned requirements in her amended

complaint.

Plaintiff is informed the court cannot refer to prior pleadings in order to make an

amended complaint complete. Local Rule 15-220 requires that an amended complaint be

complete in itself. This is because, as a general rule, an amended complaint supersedes the

original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once

plaintiff files an amended complaint, the original no longer serves any function in the case.

Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

Cir.1981), and defendants not named in an amended complaint are no longer defendants. Ferdik

v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

Plaintiff's claims against E. Hustedt, D. Hustedt, Choice Hotels International, Yao, and Cooper

are dismissed for the reasons discussed above, with leave to file an amended complaint within

thirty days from the date of service of this Order.  Failure to file an amended complaint will

result in a recommendation that these defendants be dismissed from this action.

    2.  Upon filing an amended complaint or expiration of the time allowed therefor,

the court will make further orders for service of process upon some or all of the defendants.

DATED: April 29, 2009

         /s/ Gregory G. Hollows

        _____

        GREGORY G. HOLLOWS
        UNITED STATES MAGISTRATE JUDGE

GGH:076
Rhodes0489.amd.wpd