IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLYN A. RHODES,

    Plaintiff,

vs.

PLACER COUNTY, et al.,

    Defendants.
_____/

No. 2:09-cv-0489 MCE KJN PS

ORDER

    Presently before this court are: (1) defendants Sonja Marie Jackson, M.D. and David Fakhri, M.D.'s motion to dismiss plaintiff's first amended complaint or, in the alternative, for a more definite statement (Dkt. No. 24); (2) defendants Choice Hotels International, Inc., Eva Cooper and Myrna Yao's motion to dismiss plaintiff's first amended complaint (Dkt. No. 26); and (3) defendants County of Sacramento and Dorian Kittrell's motion to dismiss plaintiff's first amended complaint (Dkt. No. 30).[1]

    Oral argument was held on these motions on March 25, 2010, at 10:00 a.m., before the undersigned. Plaintiff, a pro se litigant, represented herself at the hearing. Plaintiff acknowledged at oral argument that she is an attorney who is a licensed and active member, in

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010. (Dkt. No. 45.)

1

1 | good standing, of the State Bar of California.

As this court discussed with plaintiff in detail at oral argument, the undersigned finds that plaintiff's first amended complaint does not provide defendants sufficient notice of the specific claims against each defendant. As such, plaintiff will be granted leave to file a second amended complaint.

As this court repeatedly cautioned plaintiff, and as plaintiff acknowledged at the hearing, her claims for relief must have both a factual and legal basis. As to factual support, federal pleading standards require the presentation of factual allegations sufficient to state a plausible claim for relief as to *each* defendant. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998) ("[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of civil rights"). The mere possibility of misconduct falls short of meeting this plausibility standard. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). Factually unsupported claims framed as legal conclusions, and mere recitations of the legal elements of a claim, do not give rise to a cognizable claim for relief. See Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 (May 18, 2009) (holding that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me-accusation"); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). As noted at the hearing on these motions, plaintiff's current complaint "is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the [defendants] charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001)

Plaintiff is further instructed to ensure that she is legally entitled to bring forth

////

////

////

each claim.[2] If, after plaintiff concludes her further legal research, she determines that she still has a legal basis for claims against defendants, she should amend her complaint to more definitely assert those claims. Plaintiff, as this court stated at the hearing, is subject to the strictures of Federal Rule of Civil Procedure 11, and hence should carefully plead her claims accordingly. See Fed. R. Civ. Proc. 11 (providing that all of plaintiff's claims must be warranted by existing law or a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law, and that plaintiff's factual contentions must have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation).

Plaintiff is also cautioned that pursuant to Local Rule 220, every pleading to which an amendment is permitted by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading, and that no pleading shall be deemed amended until this Rule has been complied with. Local Rule 220; Fed. R. Civ. P. 15

Lastly, plaintiff is reminded that the use of allegations against unidentified "Doe" defendants, also as discussed at the hearing, are disfavored in federal court. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

Plaintiff requested two weeks to file an amended pleading. However, this court will permit plaintiff 30 days to file an amended pleading to ensure that plaintiff has adequate time to precisely and thoughtfully amend her claims and/or omit some of her claims.
For the foregoing reasons, IT IS HEREBY ORDERED that:

    1. Plaintiff is granted leave to file a Second Amended Complaint within 30 days

---

[2] Plaintiff is not required to plead legal theories; but if she does so, she should not replead those which are not cognizable as a matter of law. "Notice pleading requires the plaintiff to set forth in [her] complaint *claims for relief*, not causes of action, statutes or legal theories." Alvarez v. Hill, 518, F.3d 1152 (9th Cir. 2008) (emphasis in original). A claim is the "aggregate of operative facts which give rise to a right enforceable in the courts." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000). It is those aggregate and specific facts which state a claim against particular defendants which are absent from the operative complaint.

3

of the date of this order.  Plaintiff is directed to serve her second amended complaint on all defendants, including those defendants who have not yet appeared in this action.

2. Plaintiff's Second Amended Complaint shall specifically set forth the notice provided to defendants for any claims which legally require timely notification prior to commencement of a lawsuit.

3. Pursuant to stipulation of the parties, any pending discovery requests are hereby withdrawn.  Such discovery may be reissued at a later date as permitted by Federal Rule of Civil Procedure 26, any other governing rules, and orders of this court.

4. Plaintiff is granted leave to file documents in this action via the court's electronic filing system.  Such leave may be withdrawn in the event of noncompliance with the Local Rules.

5. Defendants' pending motions (Dkt. Nos. 24, 26 and 30) are denied without prejudice.

6. **All defendants in this action are required to file a responsive pleading or motion within 30 days of the date of plaintiff's service of the Second Amended Complaint**.

**IT IS SO ORDERED**

DATED: March 25, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE