1  Kathlyn A. Rhodes
   P. O. Box 7826
2  Citrus Heights, CA  95621-7826
   (916) 723-4917
3  *PRO SE*

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10 **KATHLYN A. RHODES,**

11          Plaintiff,                    **Case No.:  CIV S-09-0489 MCE GGH
                                          PS**

12    vs.                                 **SECOND AMENDED COMPLAINT
                                          FOR DAMAGES**

13 **PLACER COUNTY; EDWARD N.
   BONNER,** Individually and as Placer    1.  **VIOLATION OF FEDERAL
14 County Sheriff/Coroner; "MIKE"              CIVIL AND
   SEIPERT,** Individually and as Placer       CONSTITUTIONAL RIGHTS
15 County Deputy Sheriff; **CHERYL**            **(FIRST, FOURTH, SIXTH,
   HAMILTON,** Individually and as Placer       EIGHTH AND FOURTEENTH
16 County Correctional Officer; **CITY OF**      AMENDMENTS; 42 U.S.C. §§ ,
   ROCKLIN; THOMAS J. PLATINA,**               1981, 1983, 1985, 1986; 18
17 Individually and as Rocklin Police          U.S.C. §245)**
   Officer; **SUSAN DAVIS,** Individually and  2.  **VIOLATION OF
18 as Rocklin Police Officer; **DARRELL**          CALIFORNIA CIVIL AND
   JANTZ,** Individually and as Rocklin          CONSTITUTIONAL RIGHTS
19 Police Officer; **JENNIFER COLLINS,**          (Cal.Const. Art. I, §§1, 2, 4, 7,
   Individually and as Rocklin Police           13, 14, 15, 17, 24, 28);
20 Dispatcher; **MARK SIEMENS,**                  Cal.Civ.Code §§43, 45, 46, 51,
   Individually, and as Rocklin Chief of        54 *et seq.* ["UNRUH ACT"],
21 Police; **CARLOS URRUTIA,**                    1708, 1708.5, 1709, 1710)**
   Individually and as Rocklin City Manager;  3.  **TRESPASS**
22 **CALIFORNIA FORENSIC MEDICAL**          4.  **ASSAULT**
   GROUP, INC. ("CFMG");  TAYLOR**          5.  **BATTERY (POLICE
23 FITHIAN, M.D.,** Individually and as         BRUTALITY)**
   President of CFMG; **ELAINE**            6.  **MEDICAL BATTERY**
24 HUSTEDT,** Individually and as Secretary  7.  **INTENTIONAL INFLICTION
   of CFMG; **DON HUSTEDT,** Individually       OF EMOTIONAL DISTRESS**
25 and as officer/owner of CFMG;            8.  **FALSE ARREST**
   **AMERICAN MEDICAL RESPONSE;**           9.  **FALSE IMPRISONMENT**

---
1
**Plaintiff's Verified Second Amended Complaint for Damages**

1 | SACRAMENTO COUNTY MENTAL
HEALTH TREATMENT CENTER
("SCMHTC"); DORIAN KITTRELL,
Individually and as Director of
SCMHTC; SONJA M. JACKSON,
M.D., Individually and as Treating
Psychiatrist at SCMHTC; DAVID
FAKHIRI, M.D., Individually and as
Treating Psychiatrist at SCMHTC;
FRANK PATINO, individually, and as
an agent or employee of Defendant(s)
CFMG and/or SCMHTC; CHOICE
HOTELS INTERNATIONAL, INC.,
d/b/a COMFORT SUITES
("COMFORT SUITES"); MYRNA
YAO, Individually and as agent or
employee of COMFORT SUITES; EVA
COOPER, Individually and as agent or
employee of COMFORT SUITES; SAC
CITY LODGING PARTNERS, LLC.,
also d/b/a COMFORT SUITES
("COMFORT SUITES"), and "DOE"
Defendants 1 through 140,

   Defendants.

10. **DEFAMATION AND
    SLANDER**
11. **CONVERSION**
12. **PROFESSIONAL
    NEGLIGENCE (MEDICAL
    MALPRACTICE)**
13. **NEGLIGENCE *PER SE*
    (VIOLATIONS OF
    STATUTES)**
14. **BREACH OF CONTRACT**

**PUNITIVE DAMAGES CLAIMED**

**JURY TRIAL DEMANDED**

---

## FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff, **KATHLYN A. RHODES**, lodges this First Amended Complaint for Damages, seeks compensatory, general, special and consequential damages against all named and alias Defendants for, *inter alia*, police brutality, medical malpractice and battery, false arrest, sexual battery, false imprisonment, other intentional and negligent-based torts, and conspiracy to violate Plaintiff's civil and constitutional rights. Plaintiff also seeks punitive damages and costs against Defendants specifically named below.

## I.   PARTIES

1. Plaintiff, Kathlyn A. Rhodes, is a United States citizen residing in Sacramento County, California, whose mailing address is P. O. Box 7826, Citrus Heights, CA 95621-7826.

2.   At all times pertinent to Plaintiff's Complaint: Defendants **THOMAS J. PLATINA, SUSAN DAVIS** and **DARRELL JANTZ** were employed as police officers for the City of Rocklin in Placer County, California;  Defendant **JENNIFER COLLINS** was employed as a Rocklin Police Dispatcher;  Defendant **MARK SEIMENS** was employed as Chief of Police for Defendant **CITY OF ROCKLIN;** Defendant **CARLOS URRUTIA** was employed as City Manager for Defendant **CITY OF ROCKLIN; "DOE" Defendants 1 through 20** were employed by or agents of Defendant **CITY OF ROCKLIN;** and Defendant **CITY OF ROCKLIN** was and is a municipal incorporation within the State of California.

3.   At all times pertinent to Plaintiff's Complaint: Defendant **EDWARD N. BONNER** was employed as Sheriff/Coroner of Defendant **PLACER COUNTY;** Defendant **"MIKE" SEIPERT** was employed as Deputy Sheriff of Defendant **PLACER COUNTY;** Defendant **CHERYL HAMILTON** was employed as a Correctional Officer for Defendant **PLACER COUNTY; "DOE" Defendants 21 through 40** were employed by or agents of Defendant **PLACER COUNTY;** and Defendant **PLACER COUNTY** was and is a county of the State of California.

4.   At all times pertinent to Plaintiff's Complaint:  Defendant **CALIFORNIA FORENSIC MEDICAL GROUP, INC. ("CFMG")** was and is a California corporation licensed to provide medical services at the Placer County Main Jail in Auburn, CA; Defendant **TAYLOR FITHIAN, M.D.** was and is President of Defendant **CFMG;** Defendant **ELAINE HUSTADT** was and is Secretary of Defendant **CFMG;** Defendant **DON HUSTEDT** was an officer and major shareholder/owner of CFMG; and **"DOE" Defendants 41 through 60** were employed by or agents of Defendant **CFMG.**

5.   At all times pertinent to Plaintiff's Complaint, Defendant  **AMERICAN MEDICAL RESPONSE ("AMR")** was a business entity licensed by the State of California to provide ambulance services to Defendants **PLACER COUNTY** and **SACRAMENTO**

1  COUNTY MENTAL HEALTH TREATMENT CENTER ("SCMHTC"); and "DOE"

2  Defendants 61 through 80 were employed by or agents of Defendant AMR.

3      6.    At all times pertinent to Plaintiff's Complaint: Defendant SCMHTC was and is a

4  "health care provider" as defined in California Code of Civil Procedure §364 and located in the

5  City of Sacramento, CA; Defendant DORIAN KITTREL was and is Director of Defendant

6  SCMHTC; Defendant FRANK PATINO was an employee or agent of Defendant SCMHTC

7  and/or Defendant CFMG; "DOE" Defendants 81 through 100 were employed by or agents of

8  Defendant SCMHTC; and Defendants SONJA M. JACKSON, M.D. and DAVID FAKHRI,

9  M.D. were and are physicians licensed to practice psychiatry in the State of California and

10  provided psychiatric treatment to patients of Defendant SCMHTC, including Plaintiff.   Dr.

11  JACKSON treated Plaintiff on or about November 25-28, 2007, and, without Plaintiff's consent

12  prescribed Seroquel, a dangerous medication because of its adverse side effects, including

13  causing diabetes, strokes, high blood pressure, heart attacks, nightmares, weight gain, "cotton

14  mouth" and other adverse side effects which were not disclosed to Plaintiff and, thus, was below

15  the standard of care required of a California psychiatrist.   Dr. FAKHRI treated Plaintiff on or

16  about November 25, 2007, and changed the dosage of Seroquel and prescribed Lithobid

17  (Lithium).  Plaintiff also saw Dr. FAKHRI at SCMHTC on July 27, 2008, when Plaintiff was

18  attempting to obtain copies of medical records.  When Plaintiff called Dr. FAKHRI's name, Dr.

19  FAKHRI looked at Plaintiff, then turned around and walked away, ignoring and abandoning

20  Plaintiff.  SCMHTC agent or employee, Kara Miller, a social worker, told Plaintiff during her

21  hospitalization that if Plaintiff did not take her medications ordered by Drs. JACKSON and

22  FAKHRI, Plaintiff would remain a patient at SCMHTC for a very long time.  None of the

23  Defendants identified in this paragraph advised Plaintiff of the risks by ingesting the prescribed

24  medications or that Plaintiff had the right to refuse medications, the right to contact a Patient's

25  Rights Advocate, and/or the right to a hearing within 72 hours after being admitted,  pursuant to

Plaintiff's Verified Second Amended Complaint for Damages

1  Welfare and Institutions Code Section 5150, to determine whether there were sufficient grounds

2  to confine Plaintiff involuntarily.  Such failures by said Defendants, as well as their refusal to

3  allow Plaintiff to make telephone calls to lawyers violated Plaintiff's rights as an involuntarily

4  committed patient and also violated **SCMHTC**'s own policies.

5       7.    At all times pertinent to Plaintiff's Complaint, Defendant **CHOICE HOTELS**

6  **INTERNATIONAL,** doing business as **COMFORT SUITES ("COMFORT SUITES")** was

7  and is a Delaware corporation licensed to do business in California as a hotel franchise located at

8  6830 Five Star Boulevard in Rocklin, CA, and Defendants **MYRNA YAO** and **EVA COOPER**

9  were agents and/or employees of **COMFORT SUITES.**

10       8.    At all times pertinent to Plaintiff's Complaint, Defendant **SAC CITY LODGING**

11  **PARTNERS, LLC** is a busy entity, type unknown to Plaintiff, which has been represented by

12  counsel for **CHOICE HOTELS INTERNATIONAL** to be the owner, operator and manager of

13  the hotel identified in this Second Amended Complaint as operating under the name of "Comfort

14  Suites" in Rocklin, CA, and **"DOES 121-140"** were agents and/or employees of **SAC CITY**

15  **LODGING PARTNERS, LLC.**

16                **II.**     **JURISDICTION AND VENUE**

17       8.    This action is brought for damages and other appropriate relief under 42 USC §§

18  1981, 1983, 1985 and 1986 and 18 USA § 245 for violation of, and conspiracy to violate,

19  Plaintiff's federal civil and constitutional rights by the Defendants, whose actions were taken

20  under color of state law.

21       9.    Jurisdiction is conferred upon this court by 28 USC §§1331 and 1343(a)(3).

22  Venue of this action is proper under 28 USC §1391(b).  All incidents alleged in this Complaint

23  occurred in Placer and Sacramento Counties, within the jurisdiction of the United States District

24  Court for the Eastern District of California.

25            **III. GENERAL ALLEGATIONS FOR ALL CLAIMS FOR RELIEF**

10.     In broad daylight on Tuesday, November 20, 2007, at approximately 2:30 P.M., Rocklin Police Officers **THOMAS J. PLATINA, SUSAN DAVIS** and **DARRELL JANTZ**, each driving a Rocklin Police vehicle, surrounded Plaintiff, a pedestrian, in a public parking lot, demanded Plaintiff's driver's license, interrogated Plaintiff, performed a "pat down" of Plaintiff's body and ordered Plaintiff to undergo a field sobriety test. The parking lot was located across the street from **COMFORT SUITES**, a hotel located on Five Star Boulevard in Rocklin, CA, where Plaintiff had rented Room 101.  Plaintiff, a pedestrian, was unarmed, answered all questions and complied with all requests of all three officers, and completed and successfully passed the field sobriety test.  Nevertheless, Plaintiff was forced to ride in the back of Rocklin Police Officer **DAVIS'** patrol car from the parking lot to the front door of **COMFORT SUITES**. Officer **DAVIS** injured Plaintiff's left leg before transit, forced Plaintiff to remain in the back seat of the patrol car for an unreasonably long time, then released Plaintiff after confirming she was a hotel guest at **COMFORT SUITES**.

11.     Many hours later that same night, after dark, Rocklin Police Officer **PLATINA** and another male Rocklin Police Officer stormed into the lobby of the **COMFORT SUITES** hotel.  **PLATINA** screamed at Plaintiff in the lobby, "I'm searching your room!", and ordered Plaintiff to sit on the couch in the hotel lobby.  Plaintiff designates the other Rocklin Police officer as **"DOE 1"** and describes him as a Caucasian male, 5' 11", 180 lb., with short brown hair.  **PLATINA** and **"DOE 1"** then told the hotel clerk, Defendant **MYRNA YAO** to unlock Room 101.  Plaintiff stood up from the couch, walked around the corner to Room 101 and exclaimed, "You can't search my room without a warrant!   That is against the law!" **PLATINA**'s face turned dark red and a vein stood out on his neck.  He turned to Plaintiff and shouted, "I'm searching!  Sit down and shut up!"  **PLATINA** put his hand on his gun and turned his face toward Plaintiff.  Plaintiff immediately backed up but saw **PLATINA, YAO** and the other Rocklin officer, **"DOE 1"** enter Room 101.  Plaintiff returned to the lobby, exclaiming,

1  "You are not George Bush!  You are not Dick Cheney!  You cannot search my room without a

2  warrant!", then sat on the couch.

3      12.    **PLATINA** and **"DOE 1"** subsequently returned to the lobby with most but not

4  all of Plaintiff's personal property that was in Room 101, handed Plaintiff one piece of luggage,

5  demanded Plaintiff to return the hotel card key and check out, refused to let Plaintiff use her cell

6  phone or the hotel's telephone, and allegedly arrested Plaintiff in the lobby, without any

7  explanation for the basis of the arrest or any Miranda warnings.

8      13.    Subsequently, **PLATINA, "DOE 1"** and/or other individuals who are employees

9  or agents of **PLACER COUNTY SHERIFF** and/or **CITY OF ROCKLIN ("DOES" 2-40)**

10  and/or **COMFORT SUITES ("DOES" 101-120)** and/or **SAC CITY LODGING PARTNERS,**

11  **LLC.,** and/or **"DOES 121-140"** searched Plaintiff's hotel room, purse, luggage, and other

12  personal property without Plaintiff's consent, without any search warrant or arrest warrant and

13  with no exigent circumstances existing.  Said Defendants also broke into and searched Plaintiff's

14  automobile, including the trunk, which was not even on the hotel premises, resulting in loss of

15  Plaintiff's money and damage to Plaintiff's personal property.

16      14.    Rocklin Police Officers **PLATINA, "DOE 1"** and/or **JANTZ, DAVIS** and/or

17  one or more **"DOE" Defendants 2-20** subsequently beat Plaintiff to the ground in the parking

18  lot of the hotel and rendered her unconscious, then transported Plaintiff in the back of

19  **PLATINA**'s patrol car to the Placer County Main Jail in Auburn during the night of November

20  20, 2007.  **PLATINA** sexually assaulted Plaintiff in the back seat of his police vehicle; then

21  **PLATINA** and another man whom Plaintiff believes is **PLACER COUNTY SHERIFF'S**

22  **DEPUTY "MIKE" SEIPERT**, pulled Plaintiff from the back seat of **PLATINA**'s patrol car

23  and carried her into the booking room of the Placer County Main Jail in Auburn.

24      15.    On the night of November 20, 2007, **PLACER COUNTY CORRECTIONAL**

25  **OFFICER CHERYL HAMILTON** demanded that Plaintiff remove her jewelry and boots, and

Plaintiff complied.  Then, without any warning, **PLATINA, SEIPERT** and **HAMILTON** called Plaintiff "crazy" and intentionally assaulted and beat Plaintiff.  **PLATINA**, whose right hand was under Plaintiff's left arm pit, said, "The usual?"  **SEIPERT** said, "Yes, one, two three", then placed his left hand under Plaintiff's right arm pit.  **PLATINA** and **SEIPERT** lifted Plaintiff into a standing position, then they or **HAMILTON** yanked Plaintiff's hair, dropped her onto her knees on the floor and bloodied her knees, twisted and wrenched her neck and back, and threatened to slam her head into a wall, proximately causing severe personal injuries and extreme emotional distress to Plaintiff.

16.    Subsequently, on November 20 and 21, 2007, **PLACER COUNTY SHERIFF, EDWARD N. BONNER**, individually and/or by and through agents and employees of Defendant **PLACER COUNTY**, and **CITY OF ROCKLIN, PLATINA, JANTZ, SEIPERT, HAMILTON, CFMG, AMR** and **"DOES 1-80"**, illegally interrogated, verbally abused, and tortured Plaintiff in a filthy jail cell with a large black Nazi Germany swastika painted on a wall approximately eight to ten feet above the floor.  Said Defendants refused to allow Plaintiff to make any telephone calls; refused to give Plaintiff food, water or medical treatment for her personal injuries inflicted by Defendants; interrogated Plaintiff against her consent; laughed at and ignored Plaintiff's multiple requests to call her boy friend, a lawyer and/or a judge; told Plaintiff she was at Guantanamo Bay and that most of Plaintiff's family was dead; rendered Plaintiff unconscious and searched her body, stripped off Plaintiff's socks and two toe rings without her consent; and injected needles and foreign substances into Plaintiff's body without her consent or a physician's order.

17.    After Plaintiff had spent nearly 24 hours of solitary confinement without food, water or even a telephone call or an aspirin, the Placer County law enforcement Defendants unlocked the door to the "swastika" jail cell and let Plaintiff out.  Plaintiff asked two female and one male **PLACER COUNTY SHERIFF'S DEPARTMENT** agents or employees if the

**PLACER COUNTY** District Attorney knew about the swastika.   One of the females, approximately eight months pregnant, said, "I was wondering about that" and the male laughed and said, "All the D.A.'s know about it.   They think it's funny."   Plaintiff said to the pregnant female, "Don't you want to see for yourself?   Go check it out!" but the female shook her head, looked scared and said, "I don't want to know."   Plaintiff designates **"DOE 21"** as a Placer County employee or agent, Caucasian male, with a U.S. Marine-style haircut, brown hair, 5'8", chubby, wearing a black jacket with "Placer County Sheriff's Dept." in gold letters on the back, approximately late 20's or early 30's.   Plaintiff designates **"DOE 22"** as a Placer County employee or agent, Caucasian female with dark brown hair in a bun, hugely pregnant, 5'6", Caucasian/mixed blood, approximately late 20's or early 30's.   Plaintiff designates **"DOE 23"** as a Placer County employee or agent, Caucasian female, brown hair in a pony tail, approximately 5'7", heavy set, approximately early 30's.   The words, actions and inactions of said Defendants proximately caused permanent personal injuries and extreme anguish and emotional distress to Plaintiff.

18.   After the initial beating, sexual assault, second battery, false imprisonment and medical malpractice, **PLATINA, JANTZ, DAVIS, SEIPERT** and **HAMILTON** and/or agents of **CITY OF ROCKLIN, PLACER COUNTY, PLACER COUNTY SHERIFF'S DEPARTMENT, CFMG, AMR** and/or other **"DOE" Defendants 2-19 and 24-80** then transported themselves on the night of November 21, 2007 (the night before Thanksgiving), via ambulance owned and/or operated by Defendant **AMR** to the Defendant **SCMHTC**.   Plaintiff designates **"DOES 61 and 62"** as two Caucasian females, one the driver and the other the passenger in the front seat of the **AMR** ambulance.   Plaintiff also designates **"DOES 2, 3, 4, 25, 26, 27, 41-60** and/or **63-80** as one female and two males who then intentionally beat Plaintiff to the ground a third time in the parking lot at **SCMHTC**, lied to personnel at **SCMHTC**, filed a

1   false report to **SCMHTC** and caused Plaintiff to be falsely imprisoned and involuntarily

2   confined for eight (8) days at **SCMHTC**.

3       19.     Defendants **PLATINA, DAVIS, JANTZ, COLLINS, "DOE 1"** and/or other

4   named or **"DOE" Defendants 2-20** subsequently prepared and signed a false Police Report

5   containing 23 lies, wrongfully accusing Plaintiff of two counts of violation of California Penal

6   Code §148(a)(1) for allegedly resisting arrest and/or obstructing an investigation, a

7   misdemeanor.

8       20.     While a patron at **COMFORT SUITES**, Plaintiff spoke with the desk clerk,

9   **YAO** about Plaintiff's occupation as a professional musician and her recent purchase of a lottery

10  ticket. After her hospitalization, Plaintiff spoke with **EVA COOPER**, Manager for **COMFORT**

11  **SUITES**, who assured Plaintiff that no one from the hotel had called the police and that none of

12  Plaintiff's belongings were in Room 101 after the police left the hotel.

13      21.     Defendants **PLATINA, COLLINS** and others prepared a false Police Report

14  claiming that **YAO** told **PLATINA** that Plaintiff had been "praying to a light" and singing in the

15  hotel lobby and was "acting crazy". Defendants **PLATINA, DAVIS, JANTZ, COLLINS,**

16  **"DOES 1-20",COMFORT SUITES, SAC CITY LODGING PARTNERS, LLC, YAO,**

17  **COOPER** and **"DOES 101-140"** willfully intimidated and interfered with Plaintiff's person

18  because of Plaintiff's religion while Plaintiff was a patron of a hotel, which is a public

19  accommodation, i.e., Defendants **COMFORT SUITES** and/or **SAC CITY LODGING**

20  **PARTNERS, LLC.** Such acts of said Defendants are a blatant violation of 18 USC §245, which

21  makes it unlawful to willfully injure, intimidate or interfere with any person, or to attempt to do

22  so, by force or threat of force, because of that other person's race, color, religion or national

23  origin and because of his/her activity as a patron of a public accommodation, which includes

24  hotels. Plaintiff is a Christian, who was raised as a Christian Scientist. Plaintiff's faith includes

25  verbal prayer in church and silent prayer outside church on a daily basis. The false allegations in

the Police Report accuse Plaintiff of praying in the hotel, which cannot be a basis for arrest without violating 18 USC §245.

22. As a proximate result of the police brutality, medical malpractice, torture and abuse by **PLATINA, JANTZ, DAVIS, "DOE 1", SEIPERT, HAMILTON, BONNER, CFMG, AMR, "DOE" Defendants 1-80** and/or others, Plaintiff sustained severe personal and bodily injuries, including injuries to her head, neck, back, left nipple, both knees, left hip, right shoulder, both wrists, both legs and both feet.

23. On or about May 15, 2007, Plaintiff timely filed claims against **PLACER COUNTY, CITY OF ROCKLIN, PLATINA, DAVIS, JANTZ, SEIPERT, BONNER, COLLINS, HAMILTON, SIEMENS,** and **URRUTIA** pursuant to the California Government Code. **PLACER COUNTY** and **CITY OF ROCKLIN** denied Plaintiff's tort claims on or about July 1, 2008. Attached as Exhibit "1" to this Second Amended Complaint are copies of the drafts of the California Government Code tort claims that Plaintiff filed against the **ROCKLIN POLICE** defendants. Due to a burglary at Plaintiff's residence in late July, 2008, Plaintiff no longer has the original tort claims or the certified mail receipts for Plaintiff's claims against **CFMG, FITHIAN, ELAINE HUSTEDT** and **DON HUSTEDT**. Attached as Exhibit "2" is a copy of Plaintiff's tort claims against the PLACER COUNTY Defendants. Attached as Exhibit "3" is a true and correct copy of the first two pages of minutes of the meeting on June 24, 2008, of the **PLACER COUNTY** Board of Supervisors rejecting Plaintiff's tort claim. Plaintiff received a letter dated July 1, 2008, from **PLACER COUNTY** rejecting Plaintiff's tort claims against Placer law enforcement Defendants. Attached as Exhibit "4" are true and correct copies of the medical malpractice claims by Plaintiff against **SCMHTC** and **KITTRELL,** including the certified mail receipt. Attached as Exhibit "5" are true and correct copies of the medical malpractice claims by Plaintiff against **FAKHRI.**, including the certified mail receipt. Attached

1   as Exhibit "6" are true and correct copies of the medical malpractice claims by Plaintiff against

2   **JACKSON**, including the certified mail receipt.

3        24.   Plaintiff has additionally suffered and will continue to suffer injuries and

4   damages.  Plaintiff therefore prays that this Court award her past and future medical expenses,

5   past and future wage loss, and compensatory damages for personal injuries, extreme emotional

6   distress, humiliation, loss of reputation, depression, sadness and constant pain.   Plaintiff also

7   seeks costs of suit, attorney fees, and punitive damages against all Defendants.

8                        IV.  **<u>CLAIMS FOR RELIEF</u>**

9   A.    **<u>FIRST CLAIM FOR RELIEF – VIOLATION OF FEDERAL CIVIL AND</u>**

10        **<u>CONSTITUTIONAL RIGHTS</u>** (FIRST, FOURTH, SIXTH, EIGHTH AND

11        **FOURTEENTH   AMENDMENTS   TO   THE   UNITED   STATES**

12        **CONSTITUTION; 42 USC §§ 1981, 1983, 1985, 1986; 18 USC § 245** against

13        Defendants **PLATINA, DAVIS, JANTZ, "DOES" 1-20, PLACER COUNTY,**

14        **BONNER   SEIPERT,   HAMILTON,   PLACER   COUNTY   SHERIFF'S**

15        **DEPARTMENT,   COMFORT SUITS, SAC CITY LODGING PARTNERS,**

16        **LLC, YAO, COOPER, "DOES 1-40" and "DOES 121-140".**)

17        25.   On or about November 20, 2008, Defendant **PLATINA** and **"DOE 1"** wrongfully

18   and violently arrested Plaintiff at   **COMFORT SUITES**, a hotel in Rocklin, and wrongfully

19   charged Plaintiff under California Penal Code Section 148(a)(1) for two counts of allegedly

20   "resisting arrest and/or obstructing and investigation", a misdemeanor.   In arresting Plaintiff,

21   Defendants **PLATINA, DAVIS, JANTZ, "DOE 1"** and/or one or more named or **"DOE"**

22   **Defendants 2-20** used physical force which was clearly excessive in light of the circumstances

23   existing at the time of the arrest.  Said Defendants used excessive force with the intent to inflict

24   unnecessary harm upon Plaintiff, and such use of force proximately caused severe physical and

25   mental injuries to Plaintiff.

26.     Plaintiff's arrest by Defendant **PLATINA, DAVIS, JANTZ "DOES 1-20",** **PLACER COUNTY, "DOES 21-30", CFMG, "DOES 41-60" CFMG, "DOES 61-80"AMR, "DOES 80-100"** and/or others with the use of excessive force was in violation of her rights under the United States and California Constitutions, including but not limited to:

(a) Plaintiff's right to free speech, including her political opinions about former President     Bush and former Vice President Cheney guaranteed by the federal First Amendment and     Cal.Const. Art. I, §2, which cannot create "probable cause" for an arrest;

(b) Plaintiff's federal Fourth Amendment and Cal.Const. Art. I, §§4, 7  and 13 right to be free from unreasonable search and seizure;

(c) Plaintiff's right under the federal Sixth Amendment and Cal.Const. Art. I, § 15 to a speedy trial and to cross-examine her accusers and witnesses;

(d) Plaintiff's right under the federal Eighth Amendment and Cal.Const. Art I, § 17 to be free from "cruel and unusual punishment"; and

(e) Plaintiff's right under the federal Fourteenth Amendment and Cal.Const. Art. I, §24 to due process and equal protection of the law, including but not limited to right to make telephone calls.   Plaintiff's arrest was made under color of the authority of Defendants **PLATINA, JANTZ, DAVIS, COLLINS, CITY OF ROCKLIN, SIEMENS, URRUTIA,** as well as police officers, officials and agents of Defendants **CITY OF ROCKLIN** and **PLACER COUNTY, PLACER COUNTY SHERIFF BONNER, PLACER COUNTY SHERIFF'S DEPARTMENT, PLACER COUNTY DEPUTY SHERIFF "MIKE" SEIPERT, PLACER COUNTY CORRECTIONAL OFFICER CHERYL HAMILTON, CFMG, AMR** and/or **"DOES 1-80".**   Said Defendants also failed to prevent Plaintiff's injuries and conspired among themselves and with Defendants **COMFORT SUITES, SAC CITY LODGING PARTNERS LLC,**

YAO, COOPER and **"DOES 100-140"** to violate 18 USC. §245, which makes it unlawful to willfully injure, intimidate or interfere with any person, including Plaintiff, by force or threat of force because of Plaintiff religion, including silent prayer, because of Plaintiff's activity as a patron of a hotel.

27.     Plaintiff further alleges that the violations of her civil and constitutional rights were caused by implementation of customs, policies and/or official acts of Defendants **PLACER COUNTY, CITY OF ROCKLIN, CFMG, AMR** and/or **SCMHTC,** including but not limited to:  (a)  failure to train or supervise the other named and/or "DOE" Defendants; (b) ratifying the illegal conduct of themselves, each other, and the other named and "DOE" Defendants; and (c) acting or failing to act pursuant to one or more interrelated *de facto* policies, practices and/or customs of Defendants **CITY OF ROCKLIN** and its Police Department**, PLACER COUNTY, PLACER COUNTY SHERIFF EDWARD N. BONNER, CFMG, ARM and/or SCMHTC** and/or their regulating Boards.   Defendants **CITY OF ROCKLIN, PLACER COUNTY, CFMG, AMR** and **"DOES 1-80"** had interrelated *de facto* policies, practices, and customs which included filing false reports, giving false statements,  pursuing and obtaining wrongful prosecutions, false imprisonments  and confinement at **SCMHTC** on the basis of such reports and statements; failure to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers and medical providers, particularly those who were repeatedly accused of wrongful imprisonments, malicious prosecutions and wrongful convictions and of making false reports and statements; the police code of silence, specifically in cases where police officers refused to report or otherwise covering up instances of police misconduct, and/or the fabrication, suppression and destruction of evidence of which they were aware, despite their obligation under the law and police regulations to do so; and covering up, suppressing and withholding exonerating, exculpatory, and/or other evidence favorable to criminal defendants, including Plaintiff.   Said interrelated policies, practices and customs, both individually and

together, were maintained and implemented with deliberate indifference, encouraged the fabrication, manipulation and alteration of evidence, the making of false statements and reports, the giving of false testimony, and the pursuit and continuation of wrongful convictions and false arrests and imprisonments, and were, separately and together, a direct and proximate cause of the unconstitutional acts committed by the named and "Doe" defendants and their co-conspirators, and the injuries suffered by Plaintiff.  Said failure to properly train, discipline, monitor, control, assign, transfer, supervise, and counsel the police defendants was done with deliberate indifference and violation of 42 USC §1985 and likewise acted as a direct and proximate cause of the injuries to Plaintiff.  Specifically:

(a)  Defendant **CITY OF ROCKLIN, PLATINA, DAVIS, JANTZ, COLLINS** and/or **"DOES 1-20"** filed a false police report alleging that Plaintiff assaulted **PLATINA,** which was approved and ratified by Defendants **SIEMENS, URRUTIA, CITY OF ROCKLIN, PLACER COUNTY,** and **PLACER COUNTY SHERIFF BONNER.**

(b)  Defendants **PLATINA JANTZ, DAVIS, SEIPERT, HAMILTON, BONNER, CITY OF ROCKLIN, PLACER COUNTY** and/or **"DOES 1-40"** had a custom and practice of filing and/or aiding and abetting the filing of false police reports after incidents in which said Defendants used excessive force and prosecution of Plaintiffs and other arrestees for false charges.  Upon information and belief based on a conversation with a **PLACER COUNTY** Public Defender, Randall Pomeroy, **PLACER COUNTY** District Attorneys and Public Defenders aid and abet each other to obtain maximum financial penalties from accused arrestees in order for those lawyers to receive medical insurance.

(c)  Upon further information and belief, Plaintiff alleges that Defendants **PLACER COUNTY** and **CFMG** had a contract in effect in November, 2007, regarding medical services rendered to individuals jailed at the Placer County jail in Auburn.  Defendants **PLACER COUNTY** and **AMR** also had a contract for ambulance services for arrestees at the **PLACER**

**COUNTY** Main Jail in November, 2007. **CFMG, PLACER COUNTY, CFMG** and **AMR** had a custom and practice detrimental to arrestees confined at the Main Jail in Auburn, including but not limited to beating and use of excessive force during the arrest process; failure to have a physician on duty, as required by the duties of **PLACER COUNTY, CFMG** and **BONHAM**; failure to allow prisoners the right to make any telephone calls (**CITY OF ROCKLIN, PLATINA, DAVIS, JANTZ, COLLINS, SIEMENS, URRUTIA, PLACER COUNTY, AMR**); failure to obtain arrest and/or search warrants (**CITY OF ROCKLIN, PLATINA, DAVIS, JANTZ, COLLINS, SIEMENS, URRUTIA, PLACER COUNTY** and/or, **"DOES 1-40"**); and

    (d)    Entering into and acting pursuant to an oral, illegal contract among **CITY OF ROCKLIN, PLACER COUNTY, CFMG** and **AMR** to split the fees generated by the arrest process.

    28.    As a direct and proximate result of the actions of said Defendants, Plaintiff has suffered damages in amounts that continue to accrue for lost wages and additional out-of-pocket expenses, including medical and chiropractic expenses, incurred as a result of her arrest with excessive force. In addition, Plaintiff has suffered humiliation and severe emotional distress as a consequence of being arrested with excessive force. Pursuant to 42 USC §1983, Plaintiff seeks damages, including an award of attorneys' fees and costs incurred in bringing this action. Plaintiff also seeks punitive damages against the offending Defendants.

**B.**    <u>**SECOND CLAIM FOR RELIEF – VIOLATIONS OF CALIFORNIA CONSTITUTION AND STATUTES (Cal.Const. Article I, §§1, 2, 7, 13, 17; Cal.Civ. Code §§ 43, 45, 46, 51, 54 et seq. ["UNRUH ACT"], 1708, 1708.5, 1709, 1710**</u>

    29.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 28 as though fully alleged verbatim in this Second Claim for Relief.

30.     Defendants acted together and in concert and entered into an agreement among themselves to violate Plaintiff's rights guaranteed by the California Constitution:

(a)   Article I, Section 1 (right to privacy),; Article I, §2 (right to free speech); Article I, §7 (right not to be deprived of life, liberty or property without due process of law); Article I, §13 (right to be free from illegal search and seizure), and Article I, §17 (right to be free from cruel or unusual punishment) (against Defendants **CHOICE HOTELS INTERNATIONAL, INC., SAC CITY LODGING PARTNERS, LLC, PLATINA, DAVIS, JANTZ, CITY OF ROCKLIN, SIEMENS, URRUTIA, CFMG, AMR, SCMHTC, KITTRELL, PATINO** and **"DOES 1-140")**

(b)   Cal.Civ. Code §43 (right of protection from bodily restraint or harm, personal insult, defamation and injury to Plaintiff's personal relations), §45 (libel), §46 (slander) against **PLATINA, DAVIS, JANTZ, SIEPERT, HAMILTON, CITY OF ROCKLIN, PLACER COUNTY, BONNER, "DOES 1-40", CFMG, FITHIAN, ELAINE HUSTEDT, DON HUSTEDT, "DOES 41-60, AMR, DOES 61-80, SCMHTC, KITTRELL, PATINO, JACKSON, FAKHRI, "DOES 81-100, COMFORT SUITES, SAC CITY LODGING PARTNERS, LLC, "DOES 120-140);**

(c)   Cal.Civ. Code §51, (civil rights guaranteed by the Unruh Civil Rights Act), §51.7 (freedom from violence), §52.1 (interference with Plaintiff's exercise of civil rights), §54 (equal rights to public facilities), §54.1 (right to full and equal access to public facilities), §54.3 (denial or interference with admittance to or enjoyment of public facilities) against **PLATINA, DAVIS, JANTZ, SIEPERT, HAMILTON, CITY OF ROCKLIN, PLACER COUNTY, BONNER, "DOES 1-40", CFMG, FITHIAN, ELAINE HUSTEDT, DON HUSTEDT, "DOES 41-60, AMR, DOES 61-80, SCMHTC, KITTRELL, PATINO, JACKSON, FAKHRI, "DOES 81-100, COMFORT SUITES, SAC CITY LODGING PARTNERS, LLC, "DOES 120-140);**

(d)   Cal.Civ. Code §§1708 (duty to avoid injuring persons or property) against all Defendants;

(e)   Cal.Civ. Code §1708.5 (sexual battery) against **PLATINA;**

(f)   Cal. Civ. Code § 1708.8 (invasion of privacy by illegal search and seizure of Plaintiff's property in Plaintiff's lawfully rented Room 101 at **COMFORT SUITES,** her automobile, and her personal property) (against **PLATINA, "DOE 1", YAO, COOPER, SAC CITY LODGING PARTNERS, LLC** and/or **"DOES 2-20"** and/or **"DOES 121-140").** (g) Cal.Civ. Code §§1709 (deceit), and 1710 (fraud) against **PLATINA, DAVIS, JANTZ, SIEPERT, HAMILTON, CITY OF ROCKLIN, PLACER COUNTY, BONNER, "DOES 1-40", CFMG, FITHIAN, ELAINE HUSTEDT, DON HUSTEDT, "DOES 41-60, AMR, DOES 61-80.** Specifically, **CFMG, AMR, PLATINA,** and/or **DOES "1-80"** falsely told Plaintiff that there had been a national disaster, that some of Plaintiff's family members were dead, and that Plaintiff was being transported via ambulance to a "safe" place.

31.   Defendants participated in a conspiracy to violate Plaintiff's civil and constitutional rights guaranteed by the California Constitution and statutes as previously alleged. Such acts by Defendants proximately caused Plaintiff to suffer personal injuries, severe emotional distress, past and future wage loss, past and future medical expenses, and other consequential, general and special damages according to proof. In addition, Plaintiff alleges that as a result of actions by Defendants **PLATINA, DAVIS, JANTZ, COLLINS, SIEPERT, HAMILTON, DOES "1-40", CITY OF ROCKLIN, PLACER COUNTY, SIEMENS,** and **URRUTIA, CFMG, AMR** and/or **"DOES 41-80".** Plaintiff has suffered humiliation and severe emotional distress as a consequence of being illegally arrested, assaulted, sexually battered and tortured by police officers using unnecessary, excessive force. Pursuant to 42 USC §1983, Plaintiff seeks an award of attorneys' fees and costs incurred in bringing this action, as well as

1    punitive damages against all named and "DOE" Defendants identified in this Second Amended

2    Complaint.

3       32.    Defendant **PLATINA,** together with Defendants **DAVIS, JANTZ, "DOES 1-20**

4    **and 100-140", CHOICE HOTELS INTERNATIONAL, INC., SAC CITY LODGING**

5    **PARTNERS, LLC, YAO, COOPER** and/or others, knowingly entered Plaintiff's lawfully

6    rented hotel Room 101 of the **COMFORT SUITES** hotel in Rocklin at night on November 20

7    and again on November 21, 2007 without any search warrant, without any arrest warrant,

8    without exigent circumstances existing, and without Plaintiff's permission, in order to invade

9    Plaintiff's privacy and confiscate Plaintiff's personal property.

10      33.    Said Defendants illegally searched Room 101 rented by Plaintiff and confiscated

11    her personal property.    Said Defendants, as well as Defendants **SIEPERT, HAMILTON,**

12    **BONNER, PLACER COUNTY, CFMG, AMR, SCMHTC, "DOES 1-80"** and **"DOES 100-**

13    **140"** and/or others also illegally searched Plaintiff's purse, luggage, flute, papers, jewelry, food,

14    cell phone, clothing and other items and confiscated all of Plaintiff's personal property except

15    the personal items Plaintiff was wearing.    Such searches were conducted hastily, without any

16    warrant or Plaintiff's consent and against Plaintiff's protests, without probable cause, and in a

17    manner that a reasonable person would find offensive.

18      34.    Said Defendants' searches and seizure of Plaintiff's personal property were

19    illegal, without probable cause and not pursuant to any valid search or arrest warrant, and

20    Defendants' actions proximately caused loss, damage and conversion of Plaintiff's personal

21    property to Defendants' possession, control and gain.    Plaintiff had approximately $180.00 in

22    cash and coins in her wallet inside her purse, which was empty of cash and coins upon her

23    release from **SCMHTC.**

24      35.    As a direct and proximate result of said Defendants' illegal actions, Plaintiff has

25    sustained personal injuries, severe emotional distress, property damage, wage loss, medical

**Plaintiff's Verified Second Amended Complaint for Damages**

1    expenses and other compensatory damages.  Plaintiff is also entitled to treble compensatory and

2    punitive damages pursuant to Cal.Civ. Code § 1708.8(c) against said Defendants.

3        36.    Defendants **JENNIFER COLLINS, ROCKLIN CHIEF OF POLICE MARK**

4    **SEIMENS, ROCKLIN CITY MANAGER CARLOS URRUTIA** and **CITY OF ROCKLIN**

5    ratified the conduct of Defendants **PLATINA, DAVIS, JANTZ, COLLINS,** and **"DOES 1-**

6    **20";** Defendants **PLACER COUNTY** and **BONNER** ratified the conduct of Defendants

7    **SIEPERT** and **HAMILTON** and **"DOES 11-20";** Defendants **FITHIAN, DON HUSTEDT**

8    and **ELAINE HUSTEDT** ratified the conduct of agents and employees of **CFMG** and **"DOES**

9    **41-50";** and **"DOES 51-60"** ratified the conduct of employees and agents of **AMR,** thereby

10   rendering said Defendants liable to Plaintiff for general, special, consequential, compensatory,

11   and punitive damages pursuant to Cal.Civ. Code §1708.8(d).

12       **C.**    **THIRD CLAIM FOR RELIEF – TRESPASS (Cal.Civ.Code §§1708, 1708.8)**

13       37.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

14   through 36 as through fully alleged verbatim in this Third Claim for Relief for Trespass.

15       38.    Defendant **PLATINA,** together with Defendants **DAVIS, JANTZ, "DOES 1-**

16   **20," COMFORT SUITES, YAO, COOPER, "DOES 101-120", SAC CITY LODGING**

17   **PARTNERS, LLC, "DOES 121-140"** and/or others knowingly entered Plaintiff's lawfully

18   rented hotel Room 101 of **COMFORT SUITES** in Rocklin at night on November 20 and again

19   on November 21, 2007, without any search or arrest warrant, with no exigent circumstances

20   existing, and without Plaintiff's permission, in order to invade Plaintiff's privacy in a hotel room,

21   in violation of the federal Fourth Amendment and Cal. Const. Art. I, §13.

22       39.    Said Defendants illegally searched Room 101 rented by Plaintiff, as well as her

23   automobile not on the premises of **COMFORT SUITES** d/b/a/ **CHOICE HOTELS**

24   **INTERNATIONAL, INC.** and/or **SAC CITY LODGING PARTNERS, LLC,** and confiscated

25

her personal property.  Said Defendants had no lawful basis to search Plaintiff's hotel room or seize and ruin her personal property and, as such, committed trespass against Plaintiff.

40.     Said Defendants, as well as Defendants **SEIPERT, HAMILTON, BONNER, PLACER COUNTY, CFMG, AMR, SCHMTC, "DOES 1-100"** and/or others also illegally searched Plaintiff's purse, luggage, flute, papers, jewelry, food, cell phone, clothing and other items and confiscated all of Plaintiff's personal property except the personal items Plaintiff was wearing.  Such searches were conducted hastily, without Plaintiff's consent and against Plaintiff's protests, without probable cause, and in a manner that a reasonable person would find offensive.

41.     Said Defendants' searches and seizure of Plaintiff's personal property were illegal, without probable cause and not pursuant to any valid search or arrest warrant, and Defendants' actions proximately caused loss, damage and conversion of Plaintiff's personal property to Defendant's possession, control and gain.

42.     As a direct and proximate result of Defendants' illegal actions, Plaintiff has sustained personal injuries, severe emotional distress, property damage, wage loss, medical expenses and other compensatory damages.  Plaintiff is also entitled to treble compensatory and punitive damages pursuant to Cal.Civ.Code §1708.8(d).

43.     Defendants **COLLINS, SIEMENS, URRUTIA** and **CITY OF ROCKLIN** ratified the conduct of Defendants **PLATINA, DAVIS, JANTZ, COLLINS** and **"DOES" 1-20;** and Defendants **PLACER COUNTY** and **BONNER** ratified the conduct of Defendants **SIEPERT** and **HAMILTON** and **"DOES" 21-40,** thereby rendering them liable to Plaintiff for general, special, consequential, compensatory and punitive damages pursuant to Cal.Civ.Code §1708.8(d).

D.     **FOURTH CLAIM FOR RELIEF –ASSAULT**

44. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 43 as though fully alleged verbatim in this Third Claim for Relief for Assault.

45. Pursuant to Cal.Civ. Code §43, Plaintiff has the right of protection from bodily restraint or harm. Pursuant to Cal.Civ. Code §1708, Defendants have a duty to abstain from injuring Plaintiff's person or property, or infringing on any of her rights. Pursuant to Cal.Civ. Code §1708.5, Defendants also have a duty to avoid causing a harmful and/or offensive contact with, or sexually battering, Plaintiff's body.

46. Defendants **PLATINA, JANTZ, DAVIS, SEIPERT, HAMILTON, AMR, CFMG, and "DOES 1-80"** breached such duties to Plaintiff by threatening to touch her in a harmful and offensive manner, including, but not limited to, threatening to bash Plaintiff's head into a wall and otherwise to injure Plaintiff again physically, as well as torturing Plaintiff mentally and emotionally without food, water, telephone calls or medical care for her personal injuries intentionally inflicted by said Defendants. It reasonably appeared to Plaintiff that said Defendants were about to carry out their threats, and Plaintiff did not consent to such conduct. Plaintiff also alleges, upon information and belief, that Defendants **PLACER COUNTY, CITY OF ROCKLIN, CFMG, AMR** and/or **"DOES 1-80"** injected syringes into eleven (11) areas on Plaintiff's hands and left inside forearm without a physician's order, in violation of the statutes previously alleged.

47. As a direct and proximate cause of Defendants' actions, individually and in concert with the other named and "DOE" Defendants, Plaintiff was justifiably fearful and terrified for her life, endured Defendants' unlawful and despicable physical and mental torture, and has suffered severe physical, mental, emotional, financial and other special and general damages in amounts according to proof. Said Defendants' conduct was a substantial factor in causing harm to Plaintiff, was willful, wanton, despicable and, as such, entitles Plaintiff to punitive damages against said Defendants.

1    **E.     FIFTH CLAIM FOR RELIEF – BATTERY (POLICE BRUTALITY)**

2    against **PLATINA, "DOES 1-40", SEIPERT, HAMILTON, COLLINS, CITY OF**

3    **ROCKLIN, PLACER COUNTY, SIEMENS, BONNER, URRUTIA)**

4         48.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1

5    through 47 as though fully alleged verbatim in this Fifth Claim for Relief for Battery.

6         49.     Defendants **PLATINA, JANTZ, DAVIS, SEIPERT, HAMILTON, CFMG,**

7    **AMR** and **"DOES 1-80"** intentionally performed multiple acts that proximately resulted in

8    harmful and offensive contact with Plaintiff's person. **PLATINA** and/or **"DOES 2-40"** also

9    committed a sexual battery on Plaintiff's person by pinching her left nipple. **COLLINS** signed

10   the false Police Report prepared by **PLATINA**.  All Defendants named in this paragraph also

11   caused severe and debilitating personal injuries to Plaintiff's head, neck, right shoulder, both

12   hands and wrists, back, both feet and legs, left hip and nervous system, proximately causing

13   Plaintiff tremendous pain and suffering, severe shock and emotional distress, and financial,

14   special, general and other compensatory damages, according to proof.

15        50.     Plaintiff did not consent to such intentional, offensive acts by said Defendants,

16   and Defendants' actions were unlawful, unjustified, unnecessary, without probable cause and

17   without search or arrest warrants, entitling Plaintiff to an award of punitive damages against said

18   Defendants.

19        51.     Defendants **BONNER, PLACER COUNTY SHERIFF'S DEPARTMENT,**

20   **PLACER COUNTY, CITY OF ROCKLIN, SIEMENS, URRUTIA, COLLINS, FITHIAN,**

21   **ELAINE HUSTEDT, DON HUSTEDT** and **"DOE" Defendants 1-60** owed Plaintiff a duty to

22   supervise Defendants **PLATINA, JANTZ, DAVIS, SEIPERT, HAMILTON, CFMG, AMR**

23   and **"DOE" Defendants 1- 80** but failed to supervise them and further failed to exercise

24   reasonable care in not supervising them.

25

52.   The acts of Defendants **PLATINA, JANTZ, DAVIS, SEIPERT, HAMILTON, CFMG, AMR** and **"DOE" Defendants 1-80** resulted in personal and mental injuries and damages to Plaintiff. The individual and collective failure(s) of Defendants **BONNER, PLACER COUNTY SHERIFF'S DEPARTMENT, PLACER COUNTY, CITY OF ROCKLIN, SIEMENS, URRUTIA, COLLINS, FITHIAN, ELAINE HUSTEDT, DON HUSTEDT** and **"DOES" 1-80** to supervise Defendants **PLATINA, JANTZ, DAVIS, SEIPERT, HAMILTON, CFMG, AMR** and **"DOE" Defendants 1 through 80** was/were a proximate cause of the injuries and damages suffered by Plaintiff.

F.   **SIXTH CLAIM FOR RELIEF – MEDICAL BATTERY**

53.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 52 as though fully alleged verbatim in this Sixth Claim for Relief for Medical Battery.

54.   Defendants **CFMG, AMR, SCMHTC, JACKSON, FAKHIRI, PATINO,** their agents and employees, and **"DOE" Defendants 1-100** provided medical care and treatment to Plaintiff and had a duty to use reasonable care in providing such care and treatment.  Said Defendants breached such duty by intentionally acting a manner that fell below the standard of medical care required by California law and resulted in harmful and offensive contact with Plaintiff's person, including but not limited to:

(a)   as against **CITY OF ROCKLIN, PLATINA, PLACER COUNTY, SEIPERT, HAMILTON, CFMG, AMR, "DOES 1-80"** by injecting Plaintiff's body with needles and foreign substances without Plaintiff's consent or a physician's order, rendering Plaintiff unconscious, strip searching Plaintiff without her consent, forcing Plaintiff to ingest medications detrimental to Plaintiff's health  contrary to Plaintiff's religious beliefs, refusal or failure to give Plaintiff any food or water, refusal or failure to treat Plaintiff's personal injuries caused by **CITY OF ROCKLIN, PLATINA, DAVIS, JANTZ, SEIPERT, HAMILTON, CFMG, AMR "DOE" Defendants 1-80** and/or others, failure to complete a history and examination of

1  Plaintiff, failure to obtain Plaintiff's informed consent, refusal to allow Plaintiff to make

2  telephone calls to a lawyer, and ignoring and abandoning Plaintiff.

3      (b) as against **SCMHTC, FAKHRI** and **PATINO**, by:

4      (i) not assessing Plaintiff's circumstances and holding no hearing within 72 hours to

5  determine whether, in fact, Plaintiff was "gravely disable" as required by California Welfare &

6  Institutions Code §5150; (ii) forcing Plaintiff to ingest Seroquel, Lithium and other medications;

7  (iii) failing to explain the side effects of the medications; (iv) failing to obtain informed consent;

8  (v) failing to follow **SCMHTC**'s own policy to provide patient records within thirty (30) days.

9      55.    Defendants **PLACER COUNTY** and Placer County Sheriff **BONNER** owed

10  Plaintiff a duty to supervise medical personnel who treated Plaintiff, including but not limited to

11  **CFMG**, AMR and **"DOE" Defendants 21-80;** Defendants **FITHIAN, DON HUSTEDT,**

12  **ELAINE HUSTEDT** and **"DOE" Defendants 41 through 60** owed Plaintiff a duty to supervise

13  medical personnel agents and employees of **CFMG; "DOE" Defendants 61-80** had a duty to

14  supervise medical personnel agents and employees of **AMR;** and Defendant **KITTRELL** had a

15  duty to supervise Defendant **SCMHTC, PATINO,** Drs. **JACKSON** and **FAHKIRI** and

16  **"DOES" 81-100.**

17      56.    All medical provider Defendants who treated Plaintiff were unsupervised, and

18  **PLACER COUNTY, BONNER, FITHIAN, DON HUSTEDT, ELAINE HUSTEDT,**

19  **CFMG, AMR, SCMHTC, KITTRELL, PATINO** and **"DOES" 1-100** failed to exercise

20  reasonable care in not supervising the medical providers who inflicted medical batteries on

21  Plaintiff's body without Plaintiff's consent, causing Plaintiff to suffer personal injuries and

22  severe emotional distress.  During Plaintiff's false imprisonment at **SCMHTC**, staff advised

23  Plaintiff that **SCMHTC** was "short-staffed", including a lack of psychiatrists.

24      57.    The failure of **PLACER COUNTY, BONNER, FITHIAN, DON HUSTEDT,**

25  **ELAINE HUSTEDT, CFMG, AMR, SCMHTC, KITTRELL, SCMHTC, PATINO** and