IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLYN A. RHODES,

    Plaintiff,                      No. 2:09-cv-0489-MCE-KJN-PS

   v.

PLACER COUNTY, et al.,

    Defendants.           <u>ORDER AND ORDER TO SHOW CAUSE</u>

         This matter came on for a status (pretrial scheduling) conference on May 19, 2011.  Plaintiff Kathlyn Rhodes ("plaintiff") is a licensed attorney bringing this action on her own behalf.[1]  Plaintiff attended the status conference, but did not participate in the creation of defendants' status report and did not file a written status report until one day before the conference.  Plaintiff had approximately five weeks' notice of the status conference.  (Dkt. No. 123 (Order entered April 5, 2011, setting matter for status conference on May 19, 2011).)

         During the status conference, plaintiff informed the court that extenuating circumstances prevented her from participating in the creation of a joint status report and also

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010.  (Dkt. No. 36.)

1

prevented her from filing her individual status report prior to one day before the conference. Also during the status conference, plaintiff informed the court that she did not know this case was set for a status conference until last week.

Notwithstanding plaintiff's verbal statements during the status conference, the undersigned orders plaintiff to file a written statement under penalty of perjury detailing the circumstances preventing her from filing a status report earlier than one day before the conference, and showing cause why she should not be sanctioned. Plaintiff's written statement must also show cause why the court should accept her delayed status report. As the undersigned informed plaintiff on the record during the status conference, plaintiff must file this written statement within seven days of the entry of this order.

As the undersigned has confirmed on several occasions, plaintiff remains an active member of the California bar and is obligated to comply with the Eastern District Local Rules, the Federal Rules of Civil Procedure, and this court's orders. Plaintiff has violated the rules of litigation procedure previously in this case. Specifically, plaintiff violated Local Rule 230(c) when she failed to file a written opposition or statement of non-opposition prior to a hearing regarding discovery of plaintiff's mental health records. (Dkt. Nos. 118-19.) The undersigned nonetheless allowed plaintiff to be heard during the hearing on that matter despite this failure. (Dkt. No. 117.) Future undue violations of court rules and deadlines will be sanctioned.

Plaintiff has been granted in forma pauperis status in this case, and unless plaintiff's financial circumstances have changed, this suggests that monetary sanctions would not be effective. Accordingly, unless plaintiff informs the court that her financial circumstances have changed, the undersigned will consider alternative sanctions for undue failures to comply with court rules. In the event that court rules and deadlines continue to be disregarded, such

////

////

alternative sanctions may include dismissal of this case.[2]

Finally, for the reasons explained on the record during the conference, all parties must file completed "Consent to / Decline of Jurisdiction of US Magistrate Judge" forms within seven days of the entry of this order. These forms can be obtained from the Clerk's Office or, alternatively, can be printed from the court's electronic docket in this case at Docket Number 6-1. Without the parties' "Consent to / Decline of Jurisdiction of US Magistrate Judge" forms, the proper trial judge cannot be determined and the case cannot be properly set for trial.

Accordingly, for all the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff must file a written statement under penalty of perjury detailing the circumstances preventing her from filing a status report prior to the day before the conference,

---

[2] Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

and showing cause why she should not be sanctioned. Plaintiff's written statement must also show cause why the court should accept her untimely status report. Plaintiff's statement should indicate whether her financial circumstances have changed such that she no longer needs to proceed in forma pauperis. Plaintiff must file this written statement within seven days of the entry of this order.

2. All parties, including plaintiff, must each file completed "Consent to / Decline of Jurisdiction of US Magistrate Judge" forms within seven days of the entry of this order. These forms can be obtained from the Clerk's Office or, alternatively, can be printed from the court's electronic docket in this case at Docket Number 6-1.

IT IS SO ORDERED.

DATED: May 19, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE