IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLYN A. RHODES,

    Plaintiff,                    2:09-cv-0489-MCE-KJN-PS

  v.

PLACER COUNTY, et al.,

    Defendants.             ORDER

_____/

        Plaintiff Kathlyn Rhodes ("plaintiff") is a licensed attorney bringing this action in propria persona.[1]

        On September 12, 2012, defendant American Medical Response ("AMR") filed a "Stipulation for Dismissal With Prejudice [FRCP 41(a)(1)]" (the "Stipulation"). (Stipulation, Dkt. No. 163.) According to the Stipulation, all appearing parties have stipulated to the dismissal of defendant AMR with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). (Id.) The Stipulation is signed by plaintiff and the attorneys for the remaining defendants. (Id.)

        Federal Rule of Civil Procedure 41(a)(1)(A) provides that ". . . the plaintiff may

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010. (Dkt. No. 36.)

1

dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Voluntary dismissal under this rule requires no action on the part of the court and divests the court of jurisdiction upon the filing of the notice of voluntary dismissal. See, e.g., United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA, 545 F.3d 1134, 1145 (9th Cir. 2008) (describing consequences of voluntary dismissals pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)).

Because the defendants have filed and served answers in this case (E.g., Dkt. No. 125 (AMR's Answer To Second Amended Complaint), the Stipulation is pursuant to subsection (ii) of Federal Rule of Civil Procedure 41(a)(1)(A). Because all parties signed the Stipulation, plaintiff's voluntary dismissal of AMR, with prejudice, is effective without a court order. Indeed, no further judicial action was required upon the filing of the Stipulation for voluntary dismissal signed by all parties. See e.g., Real Property Located at 475 Martin Lane, 545 F.3d at 1145.

Although the parties' Stipulation of dismissal was effective upon filing and without a court order pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), for the sake of clarity IT IS HEREBY ORDERED that:

1. Pursuant to the Stipulation between all parties (Dkt. No. 163) defendant American Medical Response is dismissed from this action with prejudice.

IT IS SO ORDERED.

DATED: September 18, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE