1
2
3
4
5
6
7
8                       IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KATHLYN A. RHODES,

11            Plaintiff,                    No. 2:09-cv-00489 MCE KJN PS

12       v.

13   PLACER COUNTY, et al.,

14            Defendants.                   ORDER TO SHOW CAUSE
     _____/
15

16            In this case, there are three motions for summary judgment currently set for

17   hearing on February 21, 2013.[1]  (Mots. for Summ. J., Dkt. Nos. 170, 177, 178.)  Pursuant to the

18   applicable Scheduling Order, that date is the last one upon which dispositive motions can be

19   heard in this case.[2]  (Scheduling Order, Dkt. No. 149.)

20   ////

21
     _____

22       [1]  Defendants Placer County, Edward N. Bonner, Cheryl Hamilton, and Mike Siepert (the
     "Placer County Defendants"), the City of Rocklin, Jennifer Collins, Susan Davis, Darrell Jantz,
23   Thomas Platina, Mark Siemens, and Carlos Urruita (the "City of Rocklin Defendants"), and
     California Forensic Medical Group, Inc. ("CFMG"), Taylor Fithian, Don Hustedt, and Elaine
24   Hustedt (the "CFMG Defendants") (collectively, "defendants") have moved for summary judgment
     or, in the alternative, partial summary judgment.  (Mots. for Summ. J., Dkt. Nos. 170, 177, 178.)
25
         [2]  This action proceeds before the undersigned pursuant to Eastern District of California
26   Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                              1

1    Plaintiff is a licensed California attorney proceeding on her own behalf.[3]  Pursuant

2  to Eastern District Local Rules 260(b) and 230(c), plaintiff's written oppositions to the pending

3  motions had to be filed by February 7, 2013, which is fourteen days before the hearing date.

4  However, a review of the court's electronic docket reflects that plaintiff did not timely file any

5  written oppositions or statements of non-opposition to the pending motions.

6    In light of plaintiff's status as an attorney, the Scheduling Order in this case

7  specifically provides, in pertinent part,

8

9              The points and authorities for all dispositive motions,
             including motions for judgment on the pleadings and
10             motions for summary adjudication and/or summary
             judgment, shall be limited to twenty (20) pages in length.
11             Points and authorities filed in opposition to dispositive
             motions shall also be limited to twenty (20) pages in
12             length.  Reply points and authorities in support of
             dispositive motions shall be limited to ten (10) pages in
13             length. Pages exceeding these limitations will be
             disregarded.  Requests for additional pages may be
14             granted on a showing of good cause, and such requests
             must be filed at least seven (7) days before the date by
15             which the motion/opposition itself is to be filed. *Further,
             should a party fail to file timely, written oppositions to
16             dispositive motions, such motions may be deemed
             unopposed and summarily granted.*

17  (Scheduling Order, Dkt. No. 149 at 4 (emphasis in original).)  Given plaintiff's prior failures to

18  comply with applicable deadlines and rules[4], the Scheduling Order included a pointed footnote at

19  _____

20    [3]  This action proceeds before the undersigned pursuant to Eastern District of California
    Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February
21  9, 2010. (Dkt. No. 36.) At several hearings in this action, plaintiff confirmed her status as an active
    member of the California Bar.  (E.g., Dkt. Nos. 60, 117.) Pursuant to the local rules, this matter was
22  assigned to the undersigned because plaintiff did not initially identify herself as an attorney with this
    court. Local Rule 302(c)(21) provides that where a pro se litigant later becomes represented by an
23  attorney, that such an action will be referred back to the district judge.  It is not clear that this local
    rule governs the treatment of this action because plaintiff is still acting in pro per.  In the interests
24  of judicial economy, the undersigned will proceed by way of findings and recommendations which
    will then be reviewed by the district judge in this action.

25
      [4]  Plaintiff has previously violated the Eastern District Local Rules and the Federal Rules of
26  Civil Procedure in this action and previously been warned of the consequences.  For instance,

2

the end of the quoted paragraph, which reads:

> While plaintiff is proceeding pro se in this action, plaintiff is a licensed attorney and an active member of the California bar. Accordingly, she shall be held to the standards of an attorney in this action. A failure to file timely, written oppositions without good cause may result in the summary granting of the unopposed motions and sanctions, including the potential dismissal of plaintiff's case.

(Id. at 4-5 n.4.)

Needless to say, the undersigned is extremely troubled by plaintiff's failure to timely file written oppositions in violation of his Scheduling Order (Dkt. No. 149 at 4), Local Rules 260(b) and 230(c), and Federal Rule of Civil Procedure 56(c). Such failure is all the more troubling given plaintiff's status as a *licensed attorney* who is bound to comply with rules and court orders that *specifically require* her to timely file oppositions or statements of non-opposition to summary judgment motions. (E.g., Scheduling Order, Dkt. No. 149 at 4.)

Plaintiff has been warned about the consequences of failing to follow court orders and rules, including failing timely oppose dispositive motions in this case. Moreover, as a licensed attorney, plaintiff should not need reminders from the court about the applicable rules or the importance of complying with them. ***Accordingly, within seven (7) days of the date of this order, plaintiff shall show cause in writing why she should not be sanctioned for failure to timely comply with court orders, local rules, and the rules of litigation procedure. Possible sanctions may include, but not be limited to, monetary sanctions and/or sanctions in the form of a recommendation that this case be dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff's failure to timely respond to this Order to Show Cause may***

---

plaintiff included improperly-pleaded claims within her amended pleading even after a lengthy hearing where she was specifically warned against doing so (see e.g., Dkt. No. 122 at 2-4 (describing instructions to plaintiff at hearing), 25-26 (recommending dismissal of improperly-pleaded claims)); failed to file a written opposition during a discovery dispute (see e.g., Dkt. Nos. 117-18); and failed to timely file a Status Report in anticipation of a Status Conference, despite having 5 weeks' notice of its occurrence (see e.g., Dkt. Nos. 129-131). Plaintiff timely responded to an order to show cause regarding the lack of a Status Report, and the order to show cause was ultimately discharged. (Dkt. Nos. 134, 146, 148).

1    ***serve as an additional ground for a potential recommendation that this case be dismissed***

2    ***pursuant to Federal Rule of Civil Procedure 41(b).***

3          The parties are informed that, even if plaintiff fails to respond to this Order to

4    Show Cause, the hearings on the pending motions for summary judgment shall proceed as

5    scheduled on February 21, 2013.

6          Plaintiff reminded yet again that, pursuant to Eastern District Local Rule 110,

7    "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may

8    be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or

9    within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides,

10   in part:

11            Any individual representing himself or herself without an attorney
               is bound by the Federal Rules of Civil or Criminal Procedure, these

12            Rules, and all other applicable law.  All obligations placed on
               "counsel" by these Rules apply to individuals appearing in propria

13            persona.  Failure to comply therewith may be ground for dismissal,
               judgment by default, or any other sanction appropriate under these

14            Rules.

15   See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

16   same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in

17   accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's*

18   *case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his

19   or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the

20   court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a

21   court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation

22   Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss

23   an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to

24   prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46

25   F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a

26   proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)

1  ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

2  failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782

3  F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to

4  control their dockets and may impose sanctions including dismissal or default).

5  Accordingly, for all the foregoing reasons, IT IS HEREBY ORDERED that:

6  1.  *Within seven (7) days of the date of this order, plaintiff shall show cause*

7  *in writing why she should not be sanctioned for failure to timely comply with court orders,*

8  *local rules, and the rules of litigation procedure.  Possible sanctions may include, but not be*

9  *limited to, monetary sanctions and/or sanctions in the form of a recommendation that*

10  *plaintiff's case be dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure*

11  *41(b).  Plaintiff's failure to timely respond to this Order to Show Cause may serve as an*

12  *additional ground for a potential recommendation that this case be dismissed pursuant to*

13  *Federal Rule of Civil Procedure 41(b).*

14  2.  The parties are informed that, regardless of whether plaintiff timely

15  responds to this Order to Show Cause, the hearings on the pending motions for summary

16  judgment *shall proceed as scheduled on February 21, 2013.*

17  **IT IS SO ORDERED.**

18  DATED:  February 12, 2013

20  KENDALL J. NEWMAN
21  UNITED STATES MAGISTRATE JUDGE