IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLYN A. RHODES,

    Plaintiff,                                  2:09-cv-0489-MCE-KJN-PS

    v.

PLACER COUNTY, et al.,

    Defendants.                           ORDER

_____/

        Defendants' three motions for summary judgment were set to be heard on February 21, 2013. (Dkt. Nos. 170, 177, 178.)

        During the hearing on February 21, 2013, however, defense attorney Renju Jacob informed the court on the record that he had been informed that plaintiff Kathlyn Rhodes ("plaintiff") had died on February 16, 2013.[1] (Minutes, Feb. 21, 2013, Dkt. No. 193.) The undersigned ordered Mr. Jacob to file a declaration and a statement noting plaintiff's death within fourteen days. (Id.)

////

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010. (Dkt. No. 36.)

1

1        On March 7, 2013, Mr. Jacob timely filed a Statement noting plaintiff's death (the "Statement"). (Statement, Dkt. No. 194.) Mr. Jacob also filed his own declaration in support of the Statement. (Declaration of Renju Jacob ("Jacob Decl."), Dkt. No. 194-1.) According to Mr. Jacob, Placer County's Office of Vital Statistics and Sacramento County's Office of Vital Statistics have confirmed plaintiff's death, and have confirmed that Plaintiff's death certificate is available at Sacramento County's Office of Vital Statistics. (Id.)

        No motion for substitution of the plaintiff has yet been made in this still-pending case. Federal Rule of Civil Procedure 25(a) provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a).

        Here, Mr. Jacob's declaration explains that plaintiff's brother, Scott Rhodes, has asked to be provided with "legal notices concerning this case" until someone is appointed as the representative of plaintiff's estate. (Jacob Decl. at 2.) Mr. Rhodes' business address is: Scott M. Rhodes, Esq., Rhodes, Dobbs & Stewart PLLC, Timber Brooke Professional Center, 921 N.W. 164th Street, Suite B, Edmond, Oklahoma 73013. (Id.) Further, according to Mr. Jacob's declaration, Scott Rhodes has represented that plaintiff's family does not intend to proceed with this lawsuit. (Id.) On March 7, 2013, Mr. Jacob served copies of the Statement and his declaration upon plaintiff's address of record and upon Scott Rhodes at the above-stated address via U.S. Mail. (Id. at 3 (Proofs of Service); Dkt. No. 194 at 3.)

        Pursuant to Federal Rule of Civil Procedure 25(a), IT IS HEREBY ORDERED that:

        1.    Plaintiff's successor or representative shall file a motion for substitution of plaintiff within 90 days of service of this order. The motion for substitution must be served in

compliance with Federal Rule of Civil Procedure 25(a)(3).  If no such motion is made within these 90 days, the undersigned will issue proposed Findings and Recommendations recommending that this action be dismissed.  See Fed. R. Civ. P. 25(a) ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed.") (emphasis added).

       2.       The Clerk of The Court shall serve a copy of this order upon plaintiff's address of record, as well as upon plaintiff's brother, Scott M. Rhodes, at the following address:

> Scott M. Rhodes, Esq.
> Rhodes, Dobbs & Stewart PLLC
> Timber Brooke Professional Center
> 921 N.W. 164th Street, Suite B
> Edmond, Oklahoma 73013

IT IS SO ORDERED.

DATED:  March 11, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE