IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLYN A. RHODES,

    Plaintiff,                                    2:09-cv-0489-MCE-KJN-PS

    v.

PLACER COUNTY, et al.,

    Defendants.                        FINDINGS & RECOMMENDATIONS

/

        For the reasons stated below, the undersigned recommends that defendants' Request for Dismissal (ECF No. 197) be granted, that this case be dismissed pursuant to Federal Rule of Civil Procedure 25, and that defendants' pending motions for summary judgment and/or summary adjudication (ECF Nos. 170, 177, 178) be denied as moot.

        During a hearing on February 21, 2013, defense attorney Renju Jacob stated on the record that he had learned plaintiff Kathlyn Rhodes ("plaintiff") died on February 16, 2013.[1] (Minutes, Feb. 21, 2013, ECF No. 193.)  The undersigned ordered Mr. Jacob to file a declaration and a statement noting plaintiff's death within fourteen days.  (Id.)

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010.  (ECF No. 36.)

1

On March 7, 2013, Mr. Jacob timely filed a Statement noting plaintiff's death (the "Statement"). (Statement, ECF No. 194.) Mr. Jacob also filed his own declaration in support of the Statement. (Declaration of Renju Jacob ("Jacob Decl."), ECF No. 194-1.) According to Mr. Jacob, Placer County's Office of Vital Statistics and Sacramento County's Office of Vital Statistics confirmed plaintiff's death, and confirmed that Plaintiff's death certificate is available at Sacramento County's Office of Vital Statistics. (Id.)

On March 12, 2013, the undersigned issued an order requiring plaintiff's successor or representative to file a motion for substitution if the successor or representative wished to continue to pursue this lawsuit.[2] (ECF No. 195 (citing Fed. R. Civ. P. 25(a)).) The order gave a 90-day deadline in which to file the motion for substitution. (Id.) The order provided, "If no such motion is made within these 90 days, the undersigned will issue proposed Findings and Recommendations recommending that this action be dismissed." (Id. (citing Fed. R. Civ. P. 25(a)) ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed.") (emphasis added).) The Clerk of Court sent the order to plaintiff's address of record, as well as to the address of plaintiff's brother, Scott Rhodes. (Id.)

The 90-day deadline has come and gone, and no motion for substitution has been filed. On this basis, defendants City of Rocklin, Jennifer Collins, Susan Davis, Darrell Jantz, Thomas J. Platina, Mark Siemens, and Carlos Urrutia ("defendants") filed a Request for Dismissal on June 19, 2013. (Request for Dismissal, ECF No. 197.) Defendants also filed the

---

[2] Federal Rule of Civil Procedure 25(a) provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a).

2

supporting declaration of attorney Amie McTavish, who declared that her office has not received any motion for substitution. (ECF No. 198.)

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' Request for Dismissal (ECF No. 197) be granted in light of the fact that no motion for substitution of plaintiff has been filed, and that this case be dismissed pursuant to Federal Rule of Civil Procedure 25(a) and the undersigned's prior order (ECF No. 195). Fed. R. Civ. P. 25(a) ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed.") (emphasis added).

2. Defendants' pending Motions for Summary Judgment and Summary Adjudication (ECF Nos. 170, 177, 178) be denied as moot.

3. The Clerk of the Court be directed to close this case and vacate all future dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: June 24, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE